UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| THE FIRST NATIONAL BANK IN SIOUX FALLS, | * * * | CIV. 06-4101 |
| Plaintiff, | * * | |
| vs. | * * | |
| FIRST NATIONAL BANK SOUTH DAKOTA, SPC Inc. d/b/a FIRST NATIONAL MERCHANT SOLUTIONS, AND FIRST NATIONAL BANK OF OMAHA, | * * * * * * | **BRIEF IN SUPPORT OF MOTION TO ADD FIRST NATIONAL OF NEBRASKA, INC. AS A DEFENDANT** |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Plaintiff The First National Bank in Sioux Falls hereby submits this brief in support of its Motion to Add First National of Nebraska, Inc. as a Defendant.

DISCUSSION

Federal Rule of Civil Procedure 15(b) provides for the amendment of pleadings during and after trial. FRCP 15(b)(2) states

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Additionally, FRCP 21 states, in relevant part, "On motion or on its own, the court may at any time, on just terms, add or drop a party." As stated in 6 Federal Practice & Procedure § 1688.1, "Rule 21 specifically permits a change in parties 'at any stage in the action.' Thus, it has been held that [parties] may be added to the action even after the trial has been concluded in order that

1

they might be included in the relief that was granted in the case and thereby avoid an additional suit relitigating the same issues."

As recognized by the Eighth Circuit Court of Appeals,

> 'In so far as this rule relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable * * *.'

*Halladay v. Verschoor*, 381 F.2d 100,108 (8th Cir. 1967)(quoting *Truncale v. Universal Pictures Co.*, 82 F.Supp. 576, 578 (E.D.N.Y. 1949)).   In *Halladay*, the Court concluded that the district court should have allowed an amendment to add a new party, stating

> The attempt to thus amend was during the course of the trial and some two years after the suit was instituted, but, even so, no possibility of prejudice could have resulted. No additional evidence was contemplated or required and no delay by permitting such a joinder would have ensued. Since no veil or prejudice would have resulted, we think it was in the interest of justice to permit the amendment.

*Halladay*, 381 F.2d at 108.

First National of Nebraska, Inc. (hereinafter "FNNI") was originally named as a defendant in this matter.   Affidavit of Gering, Exhibit #1 (see also Docket #1).   Based upon representations by counsel for the Defendants made in September, 2006 by Rick Jeffries of Kutak Rock, that FNNI "has done nothing and is simply the parent corporation", Plaintiff's counsel agreed to dismiss the claims against FNNI without prejudice.   Affidavit of Gering, ¶¶ 2 and 3.    FNNI was dismissed "for some other reason", namely, the affirmative representations of defense counsel in 2006, which the evidence and testimony produced by Defendants on Friday, April 18, 2008, demonstrated was materially inaccurate.

Based upon the testimony of the Defendants' witnesses on Friday, April 18, 2008, the representations made by Attorney Jeffries were shown to be inaccurate as it was revealed that FNNI controlled the actions of all three defendants in the case.   Therefore, FNNI should be

added as a party to this lawsuit.  This request is warranted and is without prejudice to FNNI which has had a representative present (Michael Mahlendorf is, in fact, a senior vice president for FNNI and a board member of FNNI as of April 29, 2008) throughout the trial, and with no need for any other evidence to be presented other than what the Defendants have or will present.

In the cross-examination of Defendant's witness, Laura Bauermeister, at the very end of the day on Friday, April 18, 2008, it was shown that FNNI was directly and significantly involved in the decisions regarding the signage and use of the mark "First National Bank South Dakota" in advertisements and on the building at 100 South Dakota Avenue.  This was evidenced by the mandatory FNNI brand guide (Exhibit 563) and FNNI architecture guide (Exhibit 564), which documents were not produced to the Plaintiff until March 25, 2008 despite a specific request for this material in June, 2007.  Affidavit of Gering ¶¶ 4 and 5.  Further, as Mr. Mahlendorf testified at trial, the "logo police" who act on behalf of FNNI are the strict enforcers of the guides in South Dakota and throughout the entire organization.  Mr. Mahlendorf is a senior vice president of FNNI and, on behalf of FNNI, he was personally involved in opening the branch in Sioux Falls.  Mr. Mahlendorf also testified that Mr. Biondi (one of the "young tigers") has no control over the services offered in Sioux Falls or how to use the servicemarks.  FNNI owns FNBSD and FNBO (99.8%).  See Exhibit 676.  FNNI also owns the registration of the FNBO servicemark.  See Exhibit 542, page 1.  In sum, FNNI dictated and controlled most, if not all, of the decisions that are relevant to the issues in this case.

FNNI was originally a defendant in this case and was only dismissed based on representations of Defendants' counsel that FNNI "has done nothing and is simply the parent corporation." Affidavit of Gering ¶ 3.  It is apparent from Exhibits 563 and 564 and the testimony on April 18, 2008, that FNNI has done more than defense counsel originally

represented and FNNI should be added as a party in this litigation. Substantial justice and judicial economy require that FNNI be added as a defendant. There is no prejudice to FNNI and the addition of FNNI will avoid future litigation involving the same facts, evidence, and testimony presented here.

## CONCLUSION

For all of these reasons and for good cause shown, Plaintiff's motion to amend to add First National of Nebraska, Inc. as a defendant should be granted.

Dated at Sioux Falls, South Dakota, this 20th day of April, 2008.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

/s/ Cheryle Wiedmeier Gering

Cheryle Wiedmeier Gering
Douglas J. Hajek
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
E-mail: cgering@dehs.com

and

John A. Clifford, admitted *pro hac vice*
Allan Hinderaker, admitted *pro hac vice*
William Schultz, admitted *pro hac vice*
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-5300
*Attorneys for Plaintiff*

5

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Plaintiff, hereby certifies that a true and correct copy of the foregoing "Brief in Support of Motion to Amend to Add First National of Nebraska, Inc. as a Defendant" was served by electronic service by the Court upon:

| | |
|---|---|
| David L. Nadolski | John P. Passarelli |
| Lee Magnuson | Kutak Rock LLP |
| Lynn, Jackson, Shultz & | The Omaha Building |
| Lebrun, P.C. | 1650 Farnham Street |
| P.O. Box 1920 | Omaha, NE 68102-2186 |
| Sioux Falls, SD 57101-3020 | |

  *Attorneys for Defendants*

on this 20th day of April, 2008.

                /s/ Cheryle Wiedmeier Gering