
FILED
SEP 09 2010
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THE FIRST NATIONAL BANK IN SIOUX FALLS, a national banking corporation, | \* \* \* \* | CIV 06-4101 |
| Plaintiff, | \* \* | |
| vs. | \* \* \* | MEMORANDUM OPINION AND ORDER |
| FIRST NATIONAL BANK SOUTH DAKOTA; SPC, INC., d/b/a First National Merchant Solutions; and FIRST NATIONAL OF OMAHA, | \* \* \* \* \* | |
| Defendants. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff moved to Amend Findings and Judgment, Doc. 196. The Court subsequently heard argument and received briefing and requested a literature search by the parties regarding the effectiveness of disclaimers. The last filing considered was dated September 8, 2010 (Doc. 221). Plaintiff made another filing (Doc. 222) on September 9, 2010. That filing was read but was not made a part of this decision as this decision had already been made and the opinion written with the exception of adding this comment. Also, Doc. 222 was not considered as Defendants had not had an opportunity to respond to Doc. 222.

As has previously been observed, the parties have each generally taken an all or nothing position on this case and in the preceding litigation. Once the Court reached its conclusion that the permanent injunction should be modified, it was left with little position in the record as to what the relief should be. The Court has since the beginning of this litigation in 1995 and throughout this 2006 litigation attempted to find the least drastic remedy that would still right the wrongs found by the Court in each case.

In this current litigation the Court, as a portion of the remedy, ordered on September 11, 2009, that a disclaimer be used by the Defendants for a year. Upon re-examination at Plaintiff's request, the Court became concerned about the effectiveness of the use of a temporary disclaimer as a part of the remedy. Some Courts have doubted the effectiveness of a disclaimer. *Profitness Physical Therapy Center v. Pro-fit Orthopedic and Sports Physical Therapy*, 314 F.3d 62, 70-1 (2d Cir. 2002)(other citations omitted). As a result of the Court's concern about the effectiveness of its remedies and the support for the particular remedies used, the Court agreed to re-examine the remedies entered in the Amended Court Trial Memorandum Opinion and Order filed September 11, 2009 (Doc. 188).

Subsequently the Defendants became the proponents of the disclaimer in lieu of other remedies. (Defendants' Brief, Doc. 213, p. 6.) The Court at oral argument on February 19, 2010, asked the parties to provide the Court with information regarding the effectiveness of disclaimers. The only literature provided was not supportive of the effectiveness of disclaimers. At the most, the Court finds that disclaimers are of very limited use in reducing consumer confusion in this commercial and consumer banking case.

Another and lesser consideration was that in requiring the consistent use of disclaimers, the Court assumed that Defendants would have a significant volume of advertising. The Court believed that the persistent use of disclaimers would help educate the commercial and consumer public to the fact that the parties are two different banking institutions. The Court was attempting to craft a remedy and there was insufficient support in the record for the belief that the remedy would be effective. The Court also did not anticipate that the Defendants during the one year of required disclaimers might do very little advertising. Plaintiff in its Motion to Amend the Findings and Judgment anticipated that Defendants might do little or no advertising during the one year disclaimer period (Doc. 197, pages 3-4, filed October 1, 2009). The Court does not know if that is factually so, however, Plaintiff in its September 2, 2010, filing claims that is the case. Defendants indicate as much in stating "Defendants' business model is that of a commercial bank which does not rely upon substantive print or radio advertising." (Doc. 221, filed Sept. 8, 2010.) It is the Court's finding that

both The First National Bank in Sioux Falls and its numerous branches within the eighteen mile radius and the Defendant First National Bank South Dakota at its Sioux Falls office all offer both commercial as well as personal or consumer banking services. Plaintiff and Defendant banks do each have a heavier concentration of commercial lending than most banks within this radius.

The Court is in the situation of the District Court in *Weight Watchers International, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2nd Cir. 2005) where the defendant did not meet its burden of showing an attempt to avoid a substantial likelihood of consumer confusion by adding a disclaimer. The Defendant must establish the disclaimer's effectiveness. The Second Circuit in vacating and remanding went on to hold that since the burden was not sustained by the defendant, "the district Court lacked a sufficient basis to conclude that the disclaimer solved the problem." This Court concludes that the one year disclaimer in this case would not solve the problem even when coupled with the other remedies. In addition, the Court has no basis upon which to conclude that in this case a longer period of disclaimer would solve the problem even when coupled with the other remedies.

In the present case the Court finds significant consumer confusion. Although not initially urging disclaimers, the defense in this case came to do so in lieu of other possible remedies (Doc. 213, p. 6). However, "[t]he proponent of a disclaimer bears a 'heavy burden...to come forward with evidence sufficient to demonstrate that any proposed materials would significantly reduce the likelihood of consumer confusion." *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1243 (10th Cir. 2006) (quoting *Home Box Office, Inc. v. Showtime/The Home Movie Channel Inc.*, 832 F.2d 1311, 1315 (2d Cir. 1987)).

The Court has stated its conclusions regarding consumer confusion that has been demonstrated and the violations of the permanent injunction. The Court upon further examination is now of the view that the remedies ordered on September 11, 2009, are not adequate to significantly reduce consumer confusion and to prevent further violation of a permanent injunction of this Court.

3

After all of this litigation and briefing and argument, the Court comes to the conclusion that the only effective remedy within the eighteen mile radius of the home office of Plaintiff The First National Bank in Sioux Falls is for Defendant First National Bank South Dakota to have some other name within the eighteen mile radius of the main office of the First National Bank in Sioux Falls. Defendants have one banking office within that area. Defendants are free to use their present name and logo outside of the eighteen mile radius.

Plaintiff also requested a reconsideration of this Court's denial of the awarding of attorney fees of $1,095,383.37 as an exceptional case pursuant to 15 U.S.C. § 1117(a). There are essentially two aspects of this present litigation. One aspect is the claim of violation of this Court's permanent injunction. The violations found are unusual for a sophisticated banking entity. That aspect of this litigation could be considered extraordinary. However, the more significant aspect of the present litigation is the claim that circumstances have changed since the 1995 litigation and consumer confusion persists and has not been diminished by previous remedies. There is nothing extraordinary about that claim within the meaning of an attorney fee award under 15 U.S.C. § 1117(a). Accordingly, the attorney fee demand has been reconsidered and is denied.

Plaintiff is the prevailing party on the principal claims and is ordered to draft proposed findings of fact and conclusions of law in accordance with this Memorandum Opinion and Order.

IT IS SO ORDERED.

Dated this 9th day of September, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
     DEPUTY