

FILED
OCT 27 2010

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THE FIRST NATIONAL BANK IN SIOUX FALLS, a national banking corporation, | CIV. 06-4101 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: COSTS |
| FIRST NATIONAL BANK SOUTH DAKOTA, SPC, INC. d/b/a FIRST NATIONAL MERCHANT SOLUTIONS, FIRST NATIONAL BANK OF OMAHA, and FIRST NATIONAL OF NEBRASKA, INC., | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After the Amended Court Trial Memorandum Opinion and Order (Doc. 188) and Judgment (Doc. 189) were entered Plaintiff submitted a Bill of Costs pursuant to 28 U.S.C .§ 1920 requesting total costs of $37,993.66 (Doc.191). Plaintiff also filed a Motion for Costs in the amount of $120,253.88 and attorney fees[1] pursuant to 15 U.S.C. § 1117. Doc. 192. After the Defendants filed objections to Plaintiff's Bill of Costs, the Clerk issued his Taxation of Costs in the amount of $7,311.13. Doc. 206. Plaintiff then moved this Court to review and amend the Clerk's Taxation of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1)and Local Rule 54.1(A). Defendants have opposed most of Plaintiff's motion to review and amend the Clerk's Taxation of Costs. Defendants agree, however, that the Clerk should not have excluded pro hac vice admission fees. Doc. 209. Those fees, which total $400, will be allowed as costs.

## COSTS UNDER 28 U.S.C. § 1920

28 U.S.C .§ 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;

---

[1] The Court has denied the request for attorney fees.

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The Supreme Court analyzed this statute in *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). The Supreme Court held that absent explicit statutory or contractual authorization the federal courts were bound by the limitations set out in 28 U.S.C. § 1920. The Supreme Court explained,

> If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority *442 found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

482 U.S. at 441-442. *See also, Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006)("the term 'costs' in 20 U.S.C. § 1415(i)(3)(B), like the same term in Rule 54(d), is defined by the categories of expenses enumerated in 28 U.S.C. § 1920").

Fees for transcripts necessarily obtained for use in the case

The underlying inquiry in awarding costs for deposition expenses is whether the depositions "'reasonably seemed necessary at the time they were taken.'" *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)(quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir.1996)). Parties are allowed to recover court reporter attendance fees as part of the cost of securing transcripts of depositions. In addition, it is allowable to recover the cost of one copy of a deposition as part of the deposition costs. *See generally*, 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.103[3][c](3d ed. 2010). The Court finds that the depositions

which are the subject of the Bill of Costs were necessary and that attendance fees and the original and one copy of the transcripts of these depositions were necessary for use in this case. The Court has reviewed the Supplemental Declaration of Plaintiff's counsel, (Doc. 200), which sets forth the specific costs of the second copy of certain transcripts. The Court has made adjustments to Plaintiff' submission for deposition costs that exceed allowed deposition items and is allowing $8,298.46 of the requested $10,438.56 for transcript costs.

Fees for Witnesses

The plaintiff requested $7,869.99 for fees of witnesses. The Clerk disallowed $7,466.16 of this amount on the grounds of it being expert witness fees paid to the Mantis Group, which are not reimbursable. Plaintiffs are not entitled to George Mantis' witness fees. But even as an expert witness, George Mantis was a witness entitled to witness fees and allowances under 28 U.S.C .§ 1920(3) and 28 U.S.C. § 1821. The latter statute provides in relevant part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> . . .
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> . . .
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

Since the amount of travel expenses allowed as costs is within the trial court's discretion, a party who brings a witness beyond the subpoena power distance of the district court does so at its

3

own peril. 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.103[3][c] n.54.1 (3d ed. 2010). However, in this complex case, the need for expert testimony and the unavailability of such expertise within the subpoena power distance constitute special circumstances justifying the award of travel expenses outside the judicial district and subpoena power distance of the district court. *See Linneman Const., Inc. v. Montana-Dakota Utilities Co., Inc.*, 504 F.2d 1365, 1371 (8th Cir. 1974)(Travel expenses for witnesses outside the district should be limited to 100 miles absent special circumstances).The Court is allowing travel expenses for Mr. Mantis and allowing total witness fees in the amount of $1294.99.

Costs of Making Copies

28 U.S.C. § 1920(4) states that a judge may tax "costs of making copies of any materials where the copies are necessarily obtained for use in the case." District courts have broad discretion over the award of costs to a prevailing party under this provision. *See Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). District courts within the Eighth Circuit have stated that copies of papers "necessarily obtained for use in the case" cover only the "cost of actually trying a case in the courtroom." *See, e.g., Jones v. National Am. Univ.*, CIV. No. 06-5075-KES, 2009 WL 2005293, at *6 (D.S.D. July 8, 2009); *Moore v. DaimlerChrysler Corp.*, No. 4:06CV757 CDP, 2007 WL 1445591, at *1 (E.D.Mo. May 11, 2007). The case at hand was tried in April of 2008. The presentation of exhibits of photographs, maps, brochures, advertising materials, newspaper materials and other materials was essential to the determination of the issues. Based on the Court's review of the Itemization and dates set forth in the Itemization for copies of trial exhibits, the Court determines that the copies of trial exhibits were necessarily obtained for use in the case. The Court concludes, however, that DVD editing and set-up costs would not be appropriately taxed as costs under 28 U.S.C. § 1920. The Court is allowing $9,460.58 as costs for copies of materials necessarily obtained for use in the case.

Exemplification Costs

Plaintiff, under the category of "Other Costs" requested $8,244.53 for fees and expenses paid to Martin Advantage, a company which specializes in the application of technology to litigation. The issue presented in this request is whether the fees and expenses constitute exemplification costs. 28 U.S.C. § 1920(4) allows a judge to tax fees for exemplification. There is a circuit split in interpreting

the therm "exemplification" as used in 28 U.S.C. § 1920(4). In *Kinzenbaw v. Case LLC*, No. 05-1483, 2006 WL 1096683, at *4 (C.A. Fed. April 26, 2006), the Court of Appeals for the Federal Circuit, in an appeal from the Northern District of Iowa, noted that it was unable to find an Eighth Circuit opinion suggesting whether the Eighth Circuit would follow the broad or narrow interpretation of exemplification as used in 28 U.S.C. § 1920(4). The broad definition, taken from standard English language dictionaries, interprets "exemplification" to "signif[y] the act of illustration by example, a connotation broad enough to include a wide variety of exhibits and demonstrative aids." *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The narrow definition, taken from Black's Law Dictionary, defines exemplification as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." *See Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1375 (Fed. Cir. 2006). In the *Kinzenbaw* case the Federal Circuit determined that the narrow interpretation was consistent with Eighth Circuit law on taxation of costs.

In *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, No. C06-110-MWB, 2009 WL 2584838 (N.D. Iowa Aug. 17, 2009), the Northern District of Iowa rejected the Federal Circuit's determination of how the Eighth Circuit would interpret "exemplification." The Northern District of Iowa relied upon *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006), a case that was issued by the Eighth Circuit after the Federal Circuit decided *Kinzenbaw*. In *Marmo*, the Eighth Circuit upheld the district court's apportionment among thirteen related cases of exemplification costs for graphic and visual aids and materials prepared for electronic display. Although the district court in *Marmo* relied upon a Bill of Costs Handbook used by the District of Nebraska which detailed allowable costs, the Court does not find that fact a significant distinction from the case at hand or a significant factor in the Eighth Circuit's holding with regard to exemplification costs in *Marmo*. Although the Eighth Circuit referenced the Handbook, the Eighth Circuit also acknowledged that FED. R. CIV. P. 54(d) presumes an award of costs to the prevailing party, and that the district court has substantial discretion in awarding costs. 475 F.3d at 762.

This Court agree with the Northern District of Iowa's determination that the Eighth Circuit has indicated that it follows the broad interpretation of exemplification. This Court also finds that the services of the Martin Advantage technology vendors furthered the illustrative purposes of many of the exhibits which were received at trial and that the services constitute exemplification. Although

this was a court trial, not a jury trial, the Court found the technology provided by Martin Advantage helpful in interpreting the evidence in this complex case. The Court finds the exemplification services and rental equipment expenses were necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4). In reviewing other cases involving third party technology vendors, the Court finds that the fees of Martin Advantage were reasonable, and the Court will award $8,244.53 for exemplification services and expenses.

## REQUEST FOR ADDITIONAL COSTS UNDER THE LANHAM ACT

15 U.S.C. § 1117 provides for "costs of the action" in a Lanham Act case. The term "costs of the action," however, is not unique to the Lanham Act and must be interpreted with reference to 28 U.S.C. § 1920. *See People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 371 (4th Cir. 2001). Recovery of costs as a matter of right is limited to those costs encompassed within FED. R. CIV. P. 54(d). Other expenses are allowable only in the discretion of the district court if the district court finds aggravated conduct such as fraud. *See* 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS § 30:107 (2010). This Court makes no such finding in this case. An award of additional costs under 15 U.S.C. § 1117 is denied in this case.

## CONCLUSION

Although an amended judgment will be issued which will alter the remedy in this case, the Court will not allow costs other than those referenced in this opinion.

**IT IS ORDERED** that after the amended judgment is issued, the Clerk of Court tax costs in favor of Plaintiff and against Defendants as follows:

1. Fees of the Clerk: $750.00;

2. Fees for transcripts necessarily obtained for use in the case: $8,298.46;

3. Fees for witnesses: $1,294.99;

4. Costs of making copies: $9,460.58;

5. Exemplification services and expenses: $8,244.53.

Dated this 26th day of October, 2010.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]* Colleen Schulte
(SEAL)     DEPUTY