

**FILED**

**MAR 0 4 2011**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
******************************************************************************
```

| | | |
|---|---|---|
| THE FIRST NATIONAL BANK IN SIOUX FALLS, | * | CIV. 06-4101 |
| | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | MEMORANDUM OPINION |
| FIRST NATIONAL BANK SOUTH | * | AND ORDER RE: MOTIONS |
| DAKOTA, SPC, INC. d/b/a FIRST | * | FOR STAY OF JUDGMENT, |
| NATIONAL MERCHANT SOLUTIONS, | * | RELIEF FROM JUDGMENT, |
| FIRST NATIONAL BANK OF OMAHA, | * | AND ALTERATION OR |
| and FIRST NATIONAL OF NEBRASKA, INC., | * | AMENDMENT OF JUDGMENT |
| | * | |
| Defendants. | * | |
| | * | |

```
******************************************************************************
```

Defendants First National Bank South Dakota, SPC Inc. d/b/a First National Merchant Solutions, First National Bank of Omaha and First National of Nebraska, Inc., have moved pursuant to FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a)(1), for an order to stay, pending appeal, the execution of the injunction entered against Defendants pursuant to this Court's Memorandum Opinion and Order dated September 9, 2010, Findings of Fact and Conclusions of Law dated January 13, 2011 and Amended Judgment dated January 13, 2011. Doc. 229. Defendants have also moved for relief from Judgment, alteration or amendment of Judgment, and stay of execution of Judgment. Doc. 234. Plaintiff, The First National Bank in Sioux Falls, has responded to these motions. Doc. 233, 238. Defendants have filed a Reply Brief in Support of Defendants' Motion for Relief from Judgment, Alteration or Amendment of Judgment and Stay of Execution of Judgment. Doc. 239.

<u>Motion for Relief from Judgment, Alteration or Amendment of Judgment</u>

Defendants move under FED. R CIV. P. 60(a), requesting that the Court correct clerical mistakes or mistakes arising from an oversight or omission that are contained in the Amended Judgment. Plaintiff agrees that FED. R CIV. P. 60(a) applies and that the following changes may be made to the Amended Judgment:

1. In Paragraph 2, line 6, the Court should change "FIRST NATIONAL BANK OF SOUTH

DAKOTA" to "FIRST NATIONAL BANK SOUTH DAKOTA";[1]

2. In Paragraph 6, line 2, the Court should change "First National Bank of Nebraska" to "First National of Nebraska"; and

3. In Paragraph 6, line 2, the Court should change "First Merchant Solutions" to "First National Merchant Solutions."

The above changes will be made and the corresponding errors in the names in the Findings of Fact and Conclusions of Law will also be corrected.

Defendants contend there is confusion and disagreement between the parties as to whether Defendants are allowed to use the names "First National Bank of Omaha," "First National of Nebraska" and "First National Merchant Solutions" in connection with Defendants' facilities within the injunction area. This contention is based on a letter sent to Defendants on January 21, 2011, in which counsel for Plaintiff states that if Defendants conduct banking services in Sioux Falls under the name "First National Bank of Omaha," or any other name which includes "First National" or "First National Bank" Plaintiff will consider such rebranding a violation of this Court's Amended Judgment and a basis for another lawsuit. Defendants, have therefore requested that the Court alter the Amended Judgment to clarify the Court's intent with respect to provisions affecting its rebranding so that Defendants may evaluate and, as far as possible, implement a plan of compliance with minimal risk of inviting further litigation.

Although the Court will not issue an advisory opinion on matters not litigated,[2] by correcting

---

[1]Plaintiff notes that this clerical error was not mentioned by the Defendants in their pleadings. The Court notes that this clerical error was included in Plaintiff's Proposed Amended Judgment and Proposed Findings of Fact and Conclusions of Law. *See* Doc. 224.

[2]In Defendants' Reply Brief dated February 25, 2011, Defendants argue that because the use of the names "First National Bank of Omaha," "First National of Nebraska" and "First National Merchant Solutions" within the injunction area could have been litigated by Plaintiff during the 2008 trial, the Court may now properly issue a binding judgment specifically authorizing the use of those names. The cases relied on by Defendant do not authorize a court to rule on matters not litigated, but rather, deal with the preclusive effect of a judgment being limited to the issues that were or could have been raised at trial. *See, e.g., Yankton Sioux Tribe v. United States Dep't of Health and Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008); *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). Should Plaintiff proceed with another action the Court will at that time address the issue raised in these cases.

names set forth in the Amended Judgment and Findings of Fact and Conclusions of Law and reiterating relevant provisions of these documents, the Court believes it will have met the specificity and reasonable detail requirements of FED. R. CIV. P. 65(d).

As the Court stated in its Conclusion of Law Number 14, although the addition of "of South Dakota" was insufficient to differentiate the banks, the Court did not state in its September 9, 2010 Memorandum Opinion that a new name could not contain the words "First National." Doc. 227. In Paragraph 6 of the January 13, 2011 Amended Judgment the Court stated: "This injunction does not prohibit the use of the name First National Bank of Omaha or First National Bank of Nebraska or First Merchant Solutions within the eighteen mile injunction area." Doc. 228. This paragraph will be corrected to state: "This injunction does not prohibit the use of the name First National Bank of Omaha or First National of Nebraska, Inc., or First National Merchant Solutions within the eighteen-mile injunction area."

Defendants also request the Court to alter paragraphs four and five of the Amended Judgment to permit Defendants to continue to communicate with their existing customers in the injunction area. The Court agrees that a modification is warranted and permissible under FED. R. CIV. P. 59(e). The Amended Judgment will be modified to provide that for a period up to 30 days after the date of this Order, Defendants may use the FIRST NATIONAL BANK SOUTH DAKOTA mark solely for purposes of communicating with existing customers of First National Bank South Dakota, and advising them of the forthcoming name change. Defendants may not use the FIRST NATIONAL BANK SOUTH DAKOTA mark in conjunction with any solicitation, advertisement or general communication with the public inside the eighteen-mile injunction area.

Motion for Stay Pending Appeal

In deciding under FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a)(1) whether to grant a motion to stay a civil order pending appeal, this Court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776(1987)(applying civil rules of procedure in a habeas action).

3

The first of the four factors "goes to the sensible administration of justice: a stay should not ordinarily be granted if the court determines that the injunction will ultimately take effect in any event." *Reserve Mining Co. v. United States*, 498 F.2d 1073, 1077 (8th Cir. 1974). In addressing the first factor, the Defendants argue that under Rule 62(c) courts should stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained. Defendant contend that difficult and important legal issues are presented in this case but concede that "a stay should not be entered every time a case presents difficult questions of law." Defendants argue, however, that the equities of this case support a stay.

Defendants, in arguing that they have made a strong showing of success on the merits, contend that there has been an improper expansion of injunctive relief. Defendants, in support of their contention, rely on the holdings in *United States v. Swift & Co.*, 286 U.S. 106 (1932), and *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 813 (8th Cir. 1969)("*Swift* teaches that a decree may be changed upon an appropriate showing, and it holds that it may not be changed in the interests of the defendants if the purposes of the litigation as incorporated in the decree have not been fully achieved.)(quoting *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 248 (1968)). The Court has considered these cases but concludes that the expansion of injunctive relief under the facts of this case was warranted under the law.

Although difficult legal questions were presented in this action, the parties have been provided the opportunity to present, and this Court has carefully considered the legal arguments and evidence presented by the parties. The Defendants' motions to stay have presented neither new facts nor law to persuade the Court that its ultimate decision on the expanded injunctive relief was in error or that the equities of the case support a stay of any portion of the injunctive relief ordered in this case. The factor of a strong showing of likely success on the merits does not support granting a stay in this case.

In addressing the second factor, whether it will be irreparably injured absent a stay, Defendants argue their business operations will suddenly be burdened and put at risk, many essential communications with customers will cease and they will be forced to effectively close their doors in Sioux Falls during their appeal. Specifically, Defendants contend that by being required to change their name in the Sioux Falls area, the Court's Amended Judgment may effectively force Defendants to change their name in the entire state as it may be impracticable or infeasible to operate under two

4

different names within the state, thereby adding to Defendants' expense and hardship.

Economic loss does not, in and of itself, constitute irreparable harm unless it threatens the very existence of the stay applicants' business. *See Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986). Defendants rely upon the affidavit of Kimberly Nelson (Doc. 225-3) as support for their claim of irreparable harm. That affidavit states in part:

> 6. Furthermore, an injunction requiring FNBSD to change its name within the Sioux Falls area may require FNBSD to change its name throughout the entire state of South Dakota, as it would likely be infeasible to operate under two different names in the state. This would greatly increase the costs of changing signage and advertising.

Defendants have not demonstrated the requisite economic loss that threatens the very existence of their business so as to demonstrate the irreparable harm that would justify a stay.

In addition, a stay will harm The First National Bank in Sioux Falls. This Court has found a likelihood of confusion and that the threat of irreparable harm to The First National Bank in Sioux Falls' reputation, good will and business will occur if the injunctive relief in effect since 1997 is not expanded to address the changes in Defendants' location, advertising and promotional activities. In denying a stay pending appeal in a case in which the court had found in the plaintiff's favor on the claims of trademark and trade dress infringement, a district court observed: "When a likelihood of confusion exists, plaintiffs' lack of control over the quality of defendants' services constitutes an immediate and irreparable injury, regardless of the actual quality of those services." *Gateway, Inc. v. Companion Products, Inc.*, No. 01-4096, 2003 WL 23532885 at \*4 (D.S.D. Dec. 19, 2003)(quoting *Sturgis Area Chamber of Commerce v. Sturgis Rally & Races, Inc.*, 99 F.Supp.2d 1090, 1101 (D.S.D.2000)). The third factor for consideration weighs against a stay of the injunctive relief in this case.

The fourth factor, consideration of the public interest, also does not support issuing a stay. Since this Court found that a likelihood of confusion exists, it follows that the public interest is damaged if the offending conduct is not enjoined. The public has a right not to be deceived or confused. *See Sturgis Area Chamber of Commerce*, 99 F.Supp.2d at 1102; 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30.52(4th Ed. 1997).

Since consideration of all four factors supports a denial of the request to stay the injunctive relief ordered by this Court in the Amended Judgment, the motion to stay will be denied.

Defendants request, in the alternative, that only the Court's September 2009 injunction stay in effect during appeal. For the reasons set forth above in denying a general stay pending appeal, this Court denies the alternative request of staying the Amended Judgment and placing only the September 2009 Judgment in effect. Accordingly,

IT IS ORDERED:

1. That Defendants' motion  for an order to stay, pending appeal, the execution of the injunction entered against Defendants pursuant to this Court's Memorandum Opinion and Order dated September 9, 2010, Findings of Fact and Conclusions of Law dated January 13, 2011 and Amended Judgment dated January 13, 2011 (Doc. 229) is in all respects denied; and

2. That Defendants' motion for relief from Judgment, alteration or amendment of Judgment, and stay of execution of Judgment (Doc. 234) is granted to the extent that .
    A. Errors in the names of entities appearing in the Amended Judgment will be corrected and the corresponding errors in the Findings of Fact and Conclusions of Law will also be corrected; and

    B. The Amended Judgment will be modified to provide that for a period up to 30 days after the date of this Order, Defendants may use the FIRST NATIONAL BANK SOUTH DAKOTA mark solely for purposes of communicating with existing customers of First National Bank South Dakota, and advising them of the forthcoming name change.

Defendants' motion for relief from Judgment, alteration or amendment of Judgment, and stay of execution of Judgment (Doc. 234) is otherwise denied.

Dated this **3** day of March, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District  Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Warkpad
(SEAL)        DEPUTY

6